IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

THOMAS CROFT HARRISON,

Plaintiff,

vs.

TYLER LEE, JEFF PROULX,
STATE OF OREGON,

Defendants.

Case No. 6:19-cv-00315-AA
**OPINION AND ORDER**

AIKEN, District Judge:

In this civil rights action, plaintiff asserts four claims against all defendants: (1) a § 1983 claim for retaliation for engaging in protected speech, (2) a § 1983 claim for retaliation for complaining about racial profiling; (3) a § 1981 claim for racial profiling; and (4) a state law claim for whistleblower retaliation under ORS 659A.199 and ORS 659A.203. Plaintiff also alleges a fifth state law claim against the State of Oregon for retaliation for opposing discrimination under ORS 659A.030(1)(f).

Now defendants move to strike allegations in the Amended Complaint. (Doc. 13).

## STANDARDS

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). However, courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike. *Whittlestone, Inc.*, 618 F.3d at 973. Unlike a motion to dismiss under Rule 12(b), a Rule 12(f) motion does not test the sufficiency of the complaint. *Id.* The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)).

## DISCUSSION

Defendants move to strike 29 of the 87 paragraphs in the Amended Complaint as immaterial, impertinent, or scandalous.

Defendants first argue that all 29 paragraphs are immaterial and impertinent. An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Id.* Such pleadings are legally insufficient because they clearly lack merit "under any set of facts the defendant might allege." *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 489 (S.D. Cal. 2013) (citation and quotation marks omitted). "A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Contreras, ex rel Contreras v. County of Glen*, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010).

Here, the Court cannot say that the allegations in these paragraphs could have no possible bearing on the subject matter of the litigation. Indeed, although they are long and include detail that might not be necessary to satisfy the pleading standards, they appear to relate to plaintiff's claims and the issues in this case. They provide context for plaintiff's allegations of retaliation and racial discrimination.

Defendants also argue that paragraphs 11-13, 17(c), 19, 21, are unnecessarily scandalous. A matter is scandalous if it "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." 2 Moore's Federal Practice § 12.37[3] (Bender 3d ed.). Courts have stricken allegations as scandalous when "they improperly cast a derogatory light on an individual not properly a party to this lawsuit." *Naharaja v.*

*Wray*, No. 3:13–cv–01261–HZ, 2014 WL 4808870, at *2 (D. Or. Aug. 6, 2014). Here, the allegations in these paragraphs do not use repulsive language. Although, the allegations relate to individuals who are not parties to the action and may reflect negatively on those individuals' character, the Court cannot say that they do so "unnecessarily," because the allegations are not immaterial or impertinent. Instead, many address events that contributed to the complaints that plaintiff alleges that he was retaliated against for making.

In sum, the Court declines to exercise its discretion to strike the paragraphs in the Amended Complaint.

## CONCLUSION

For the reasons stated above, defendants' Motion to Strike (doc. 13) is DENIED.

IT IS SO ORDERED.

Dated this 4th day of December 2019.

_____
Ann Aiken
United States District Judge

Page 4 – OPINION AND ORDER