IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

THOMAS CROFT HARRISON,                           Case No. 6:19-cv-00315-AA
                                                 **OPINION AND ORDER**

       Plaintiff,

vs.

JEFF HERSHMAN, et al.,

       Defendants.

_____

AIKEN, District Judge:

       Plaintiff, Thomas Harrison, brings this action against his employer, the Oregon State Police ("OSP"), and his supervisors.  He asserts claims under federal and Oregon law for violations of his First Amendment rights and right to be free from retaliation for whistleblowing.   Plaintiff has filed a Motion for Protective Order (doc. 35). For the reasons below, the motion is GRANTED IN PART and DENIED IN PART.

//

**BACKGROUND**

In response to a request for production from plaintiff, OSP searched plaintiff's OSP email account on the OSP server. Hershman Decl. (doc. 39) ¶ 12. During that review, OSP discovered several nude, or partially nude photographs of an unknown woman. *Id.* According to defendants, the photographs were emailed from plaintiff's OSP email to a Gmail account, which defendants believe is plaintiff's personal email account. *Id.* OSP believed that the photographs implicated potential policy violations. *Id.* ¶ 13.

"[I]n an effort to expeditiously resolve the photograph issue[,]" defense counsel, who is not an OSP employee, contacted plaintiff's counsel for the woman's name. O'Kasey Decl. (doc. 40) ¶ 4. When plaintiff and his counsel declined to identify the woman, OSP began a personnel investigation, following the process outlined in the OSP Guidelines and the collective bargaining agreement. Hershman Decl. ¶ 13. Plaintiff's counsel contacted the Union attorney to have him request that OSP forgo its inquiry into the woman's identity. Pl.'s Mot. for Prot. Ord. (doc 35) at 6. After speaking with OSP, the Union attorney told plaintiff's counsel that OSP intended to inquire into the women's identity. *Id.*

The parties informed the Court of the dispute in April 2020. Plaintiff sought an order from the Court protecting the woman's identity from disclosure, and the woman's photographs from further dissemination and seeking an order enjoining OSP from taking action against plaintiff for refusing to share the woman's name. Doc. 34. The Court denied plaintiff's request because "the issues that are the subject

of plaintiff's dispute with OSP appear to concern that internal investigation process and appear to be outside the scope of this litigation." *Id.*

In May 2020, plaintiff filed this formal Motion for Protective Order seeking the same relief. Pl.'s Mot. for Prot. Ord. at 2. Defendants oppose the motion. Initially, they asserted that they did not seek the woman's identity for this litigation, but only for the internal investigation at OSP. Def.'s Resp. (doc. 38) at 4.

Since then, plaintiff amended his complaint to include allegations about the "continuing retaliatory and discriminatory course of conduct from Defendants" that he has experienced since filing this action, including opening the personnel investigation related to the photographs. Sec. Am. Compl. (doc. 53) ¶¶ 39, 54. Based on these new allegations, defendants scheduled additional depositions, including plaintiff's deposition. At deposition, they intend to ask plaintiff questions about his allegations regarding the investigation into the photographs, including questions about the woman's identity, which plaintiff remains opposed to disclosing. Def.'s Supp. Br. (doc. 60) at 2–3; Pl.'s Supp. Br. (doc. 61) at 3.

## STANDARDS

The Federal Rules of Civil Procedure provide for liberal discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Under Federal Rule of Civil Procedure 26(b),

> Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

> resolving the issues, and whether the burden or expense of the proposed
> discovery outweighs its likely benefit.  Information within this scope of
> discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(1) has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The Rules "do not differentiate between information that is private or intimate and that to which no privacy interests attach. . . . Thus, the Rules often allow extensive intrusion into the affairs of both litigants *and third parties*." *Seattle Times Co.*, 467 U.S. at 30 (emphasis added).  But "[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial . . . of litigated disputes." *Id.* at 34.  Because of the prospect for abuse, "it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)." *Id.*

Under Rule 26(c), "a party from whom discovery is sought may move for a protective order from the court[,]" and "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  If a court finds that harm will result absent a protective order, then the court balances public and private interests to determine whether a protective order is necessary. *Id.* (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).  In making this determination, courts consider factors, including: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an

improper purpose; (3) whether disclosure of the information will cause a party embarrassment; and (4) whether the sharing of information among litigants will promote fairness and efficiency. *Glenmede Trust Co.*, 56 F.3d at 483.

## DISCUSSION

Plaintiff asserts that the woman's privacy interests provide good cause to protect her identity and photographs. Pl.'s Mot. for Prot. Order at 8. Plaintiff asserts that they briefly dated years ago, and that the woman is now married. Creighton Decl. ¶¶ 12, 16. She told plaintiff's counsel that she had intended for the photographs to remain private between herself and plaintiff and she is embarrassed that others have seen the photographs. *Id.* ¶¶ 14–15. She does not want the photographs shared with anyone else and is concerned that revealing her identity and being subjected to police questioning about her relationship with plaintiff will negatively affect her marriage. *Id.* ¶¶ 17–18.

The Court agrees that the woman has compelling privacy interests that provide good cause to protect her identity and photographs in connection with this action. Defendants have not expressed any opposition to plaintiff's request for an order concerning the photographs, and the order outlined below will ensure those photographs are not shared unnecessarily in matters related to this action. However, balancing the woman's privacy interests against defendants' need for her identity to prepare their defense, the Court will permit defendants to seek her identity in discovery, while limiting who has access to that information and when and how defendants may use it.

Page 5 – OPINION AND ORDER

Specifically, at deposition, defense counsel may ask plaintiff to name the woman, but defendants may not use deposition as a fishing expedition to support their internal investigation.[1]  Defense counsel shall not share the woman's identity with defendants or any OSP employee without leave of the Court, which means that defense counsel must ensure that no defendants or OSP employees are present at the deposition when the question is asked and answered and that the unredacted version of the deposition transcript be confidential, sealed, and accessible only to the people listed in paragraphs 1 and 2 of the Order below.

But the Court denies plaintiff's third request, for an order "protecting Plaintiff from any retaliation from Defendant[s] for . . . refusing to reveal the [woman's] identity." Pl.'s Mot. for Prot. Ord. at 2.  Plaintiff argues that he will be deterred from pursuing the merits of this case if he continues to be met with investigations from OSP because he decided to protect her identity. *Id.* at 13.  Plaintiff has failed to show that such an order falls within the Court's authority under Rule 26(c)(1), which authorizes the Court to limit the scope of, methods of, and people privy to discovery. The cases on which he relies do not support his position.

For example, in *U.S. v. Kordel*, the Supreme Court observed that "[f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, . . . sometimes at the request of the defense[.]"  397

---

[1]  The parties represented that plaintiff is currently on medical leave, and defendants do not intend to move forward with the investigation while plaintiff is on leave.  But there is no indication that defendants have decided not to pursue the investigation when or if plaintiff returns to work.

U.S. 1, 12 n.7 (1970). And in *Horne Bros., Inc. v. Laird*, the D.C. Circuit relied on *Kordel* to observe that "where related civil and criminal litigations are pending at the same time . . . the civil action [is sometimes] not . . . blocked entirely, but [rather] subject to a limitation, *e.g.*, protective orders, to avoid harm to the public interest." 453 F.2d 1268, 1271–72 (D.C. Cir. 1972). Here, plaintiff is not asking the Court to stay this action while the OSP personnel action proceeds, but rather to intervene in OSP's internal affairs before the merits of his retaliation claims have been litigated. And, as discussed above and outlined in detail below, the Court *is* issuing a protective order limiting how defendants can use the woman's identity, if they obtain that information through discovery.

Plaintiff also relies on cases demonstrating that, in retaliation cases, courts have compelled discovery related to ongoing retaliation to argue that the Court "certainly has the power to issue a protective order to prevent the ongoing retaliation." Pl.'s Mot. for Prot. Ord. at 13. The Court may have that power, but it does not come from Rule 26(c) or any of the Federal Rules of Civil Procedure governing discovery. Instead, this request effectively seeks a preliminary injunction, which is governed by Rule 65.

## CONCLUSION

Plaintiff's Motion for a Protective Order (doc. 35) is GRANTED with respect to the woman's identity and photographs but DENIED with respect to plaintiff's request for an order prohibiting further retaliation by defendants.

//

Page 7 – OPINION AND ORDER

It is hereby ORDERED that:

1. At deposition, defendants' counsel may ask plaintiff to identify the woman in the photographs, but the woman's identity, or other personally-identifying information regarding the woman, shall be treated as confidential information, which shall be disclosed only to (a) defendants' counsel, their associated attorneys, and other employees of their law firm, provided they are not employees of a defendant; (b) plaintiff's counsel, their associated attorneys, and other employees of their law firm; and, if necessary, (c) the Court presiding over this proceeding, personnel assisting the Court, and judges and other court personnel of any court having jurisdiction of any appellate proceeding involving this matter.

2. This information may be disclosed to defendants or other OSP employees only with the leave of the Court on a formal motion to modify the protective order.

3. Disclosure of the information to any person described in paragraphs 1 and 2 of this Order shall only be for the purposes of the preparation and hearing of this proceeding, or any appeal therefrom.

4. In the event that the Court grants leave for the woman's identity or any identifying information to be included in any pleading, motion, exhibits, or other paper filed with the Court, such papers shall be filed under seal, with court access only.

5. No party, attorney, or person associated with either may contact the woman without leave of the Court.

6. The photographs of the woman shall be treated as confidential material and shall not be disseminated in connection with these proceedings without leave of the Court.  And, if the Court grants leave for the photographs to be included in any pleading, motion, exhibits, or other paper filed with the Court, such papers shall be filed under seal, with court access only.  Upon filing any paper containing the photographs, the filing party shall file on the public record a duplicate copy of the paper that does not include the photographs.

7. Each party and their counsel shall report immediately to the Court any confirmed or suspected unauthorized contact, use, or disclosure of the woman's identity, personally-identifying information, or photographs.

8. Any violation of this Order may be deemed a contempt, subject to punishment as authorized by the Federal Rules of Civil Procedure and Local Rules of this District.  If the violator is an attorney, the Court may recommend to the appropriate professional disciplinary authority that the attorney be sanctioned, suspended, or disbarred.

9. Any party may, at any time, file a motion to modify this Protective Order.

Dated this  24th day of February 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge