IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**THOMAS CROFT HARRISON**,

    Plaintiff,

v.

**JEFF HERSHMAN, et. al**,

    Defendants.

Case No. 6:19-cv-00315-AA

**OPINION AND ORDER**

_____

AIKEN, District Judge:

    The Court entered a 60-day Order of Dismissal in this case on June 7, 2022. Before the Court are Plaintiff's motions to modify the stipulated protective order ("SPO") entered in this case on October 26, 2020. ECF Nos. 95 and 98. Defendant opposes Plaintiff's first motion. ECF No. 96. For the reasons explained below, the motions are DENIED. However, the Court grants leave to the appropriate party to file a motion to intervene under Federal Rule of Civil Procedure ("Rule") 24(b).

Page 1 – OPINION AND ORDER

## BACKGROUND

Years after this case was dismissed, Plaintiff's counsel received a subpoena issued in *Jeffery Henderson vs. Oregon State Police Office of State Fire Marshal and Shaw*, 22CV38859, in Marion County Circuit Court. ECF No. 95, Ex. 1. Plaintiff's counsel also received a subpoena issued in *Ian McKay vs. State of Oregon,* 24CV20504, Marion County Circuit Court. ECF No. 98, Ex. 1. Those cases involve employment litigation featuring the same or similar defendants as in this now-closed case.

The first subpoena seeks "[a]ny and all performance evaluations, kudos, awards, complaints or criticisms" and "[a]ny and all documents related to any investigation(s) into any complaints against Andy Heider." ECF No. 95 at 2. The second subpoena seeks the same. ECF No. 98 at 2. The employment records sought are stated to be relevant to Mr. Heider's role as a comparator to the plaintiffs in their employment suits.

Marion County Circuit Court Judge Thomas Hart also issued its own protective order in at least one of the cases involving the state court plaintiff Jefferey Henderson. ECF No. 95, Ex. 1 at 5-9.

In this now-closed case, the SPO restricted the use of materials claimed to be "confidential" or "sensitive" that the parties obtained or created during the litigation. Under the terms of the SPO, "[d]ocuments or testimony designated as confidential may be used in connection with this litigation only, and the parties are restrained from using confidential information or information obtained from such material for

Page 2 – OPINION AND ORDER

any purpose other than this litigation." ECF No. 46. Additionally, under the terms of the SPO, only the parties, their attorney/staff, insurer, experts, or the court may access the confidential information.

Based on documents ordered produced in this case, employment information for Andy Heider was included in discovery and is subject to the SPO. *See* ECF No. 71 (minutes of status conference ordering production of performance evaluations for Andy Heider). Attorneys for Jeffrey Henderson and Ian McKay in the two Marion County Circuit Court cases have subpoenaed those same documents to disclose comparator information of Andy Heider. Apparently, based on counsel's representations, Heider is a comparator for Henderson and McKay, in that Heider was given preferential treatment when accused of wrongdoing and policy violation.

## LEGAL STANDARD

I. Modification of a Protective Order

For good cause, courts may issue protective orders that require "that a trade secret or other confidential research, development, or commercial information not be revealed or revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Courts may also, for good cause, modify protective orders. *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (noting that courts have broad discretion to modify protective orders) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

The Ninth Circuit "strongly favors access to discovery materials to meet" parties' needs in collateral litigation. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

1122, 1131 (9th Cir. 2003) (citation omitted). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id.* (citation omitted). "Whe[n] reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant materials should generally be granted." *Id.* at 1132 (citation omitted). Courts, however, should not automatically grant a request for modification, but should inquire into the relevance of the material sought. *See id.*

II.   Nonparty Access to Judicial Record in Civil Case

Federal Rule of Civil Procedure 24(b) permits intervention by a collateral litigant for the purpose of seeking modification of a protective order, even after the conclusion of the underlying action. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir. 1992); *see also EEOC v. National Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir.1998) (collecting cases); *Hagestad v. Tragesser*, 49 F.3d 1430, 1432 (9th Cir. 1995) (permissive intervention granted to nonparty pressing federal common law right of access); *Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 657 (3d Cir. 1991) (permissive intervention granted to nonparty newspaper pressing both First Amendment and common law right of access). A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court. *See League of United Latin Amer. Citizens*, 131 F.3d 1297, 1307 (9th Cir. 1997); *Beckman*, 966 F.2d at 472.

Page 4 – OPINION AND ORDER

**DISCUSSION**

I.    Interested Party Must Intervene

Plaintiff requests that this Court modify the SPO to allow compliance with the subpoena to produce documentation from this case, the disclosure of which would otherwise be prohibited by the SPO. ECF Nos. 95, 98.

Defendant argues that it is not Plaintiff—the party in this case—who seeks modification of the SPO to allow his lawyer to comply with the subpoena that his lawyer received. Defendant maintains that if Plaintiff's counsel wishes to comply with the subpoena, she must first seek to intervene in this suit under Rule 24. Defendant explains that it was not *Plaintiff*, but Plaintiff's *counsel* who was subpoenaed to produce the documents in this case, and thus, it is Plaintiff's counsel who has the interest in modifying the SPO. ECF No. 96 at 4. Defendant also asserts that counsel for the parties in the two circuit court cases may also properly intervene.

The Court concludes that Defendant is correct. From the briefing it appears to the Court that Plaintiff's counsel is the party interested in modifying the protective order, or that the interested party is counsel for the parties (or the parties themselves) in *Jeffery Henderson vs. Oregon State Police Office of State Fire Marshal and Shaw*, 22CV38859, and *Ian McKay vs. State of Oregon,* 24CV20504.

The Court notes that the factual circumstances in this case are most akin to other cases where caselaw favors intervention by collateral litigants as the appropriate intervening party. The Ninth Circuit has specifically stated that "Rule 24(b) permits intervention by a collateral litigant for the purpose of seeking

Page 5 – OPINION AND ORDER

modification of a protective order, even after the conclusion of the underlying action." *Thomas v. Cnty. of Los Angeles*, 275 F. App'x 664, 667 (9th Cir. 2008). Further, courts strongly favor access to discovery materials to meet the needs of parties engaged in collateral litigation. *Foltz,* 331 F.3d at 1131.

The Court therefore denies Plaintiff's motion to modify the protective order with leave to the most appropriate party to file a motion to intervene in this case.

II.   Whether Intervenor Must Establish Independent Standing

Defendant also argues that the intervening party must show an independent basis for jurisdiction to intervene—that is, that the intervening party must have Article III standing.

In this circuit, there are three necessary prerequisites for allowing permissive intervention pursuant to Rule 24(b)(2): "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *League of United Latin Amer. Citizens*, 131 F.3d at 1308.

However, when a modification of a protective order is involved, the "independent jurisdictional basis" and "strong nexus of fact or law" factors are not required. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999).

When evaluating a collateral litigant's request for modification of a protective order, the district court must first assess the relevance of the protected discovery to

the collateral proceedings. *Id.* at 1132. "[R]elevance hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Id.* (internal quotation marks omitted). Second, the court must "weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.* at 1133.

To explain, an "independent jurisdictional basis" is not required because intervenors seeking to modify a protective order do not seek to litigate a claim on the merits. *Beckman*, 966 F.2d at 473-74. Rather, such intervenors ask the court only to exercise that power which it already has, *i.e.,* the power to modify the protective order. For that reason, no independent jurisdictional basis is needed. *Id.*

III.   Instructions to Purported Future Intervenors

In a motion to intervene to modify the protective order, the intervenor must (1) fully state the legal and factual grounds for intervention, *id.* at 474; (2) show that the sought information is relevant by stating the degree of overlap in facts, parties, and issues between this closed case and the collateral state court proceedings, *Foltz*, 331 F.3d at 1132; and (3) demonstrate that the information sought will be subject to a protective order in the collateral case(s), *Beckman*, 966 F.2d at 475. If a party to this case seeks to oppose the motion to intervene to modify the protective order, it may point the Court to evidence of harm, prejudice, and the basis for its reliance interest on the SPO for continued privacy as to the sought after information. The parties should keep in mind that the court favors allowing disclosure of information sought to meet the reasonable needs of other parties in other litigation. *Olympic Refining*

*Co. v. Carter*, 332 F.2d 260, 264–65 (9th Cir. 1964), *cert. denied*, 379 U.S. 900, 85 (1964).

## CONCLUSION

Plaintiff's motions to modify the stipulated protective order entered in this case are DENIED. (ECF Nos. 95 and 98). The Court grants leave to the appropriate party to file a motion to intervene under Rule 24(b), along with an accompanying motion, supported by legal authority, to modify the protective order.

IT IS SO ORDERED.

Dated this 6th day of June, 2025

/s/Ann Aiken

Ann Aiken
United States District Judge